UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODRIGUEZ PENDAS,

      Petitioner,

  v.                                        Case No. 2:26-cv-1554-JES-KRH

WARDEN, FLORIDA SOFT SIDE
FACILITY SOUTH, et al.,

      Respondents.

_____

**OPINION AND ORDER**

Petitioner Rodriguez Pendas initiated this action by filing a 28 U.S.C. § 2241 petition for writ of habeas corpus seeking release from immigration custody on the ground that there was not a significant likelihood of his removal in the reasonably foreseeable future. (Doc. 1). Respondents have notified the Court that Pendas filed a duplicate petition in case number 2:26-cv-1690-SPC-NPM, and Judge Chappell ordered him released on June 3, 2026. (Doc. 12). Thus, the Court finds that this petition is now moot.

Federal courts have limited jurisdiction. Under Article III of the Constitution, our power extends only to actual "cases" and "controversies." Id. We do not issue advisory opinions or decide questions that have become academic. See, e.g., Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

In his 28 U.S.C. § 2241 petition for writ of habeas corpus, Pendas, a Cuban citizen, sought immediate release from immigration custody under an order of supervision on the basis that the length of his detention was unlawful.  (Doc. 1).  But he has now been released from immigration custody.  Thus, the condition he sought to escape no longer exists, and the habeas petition is moot. Djadju v. Vega, 32 F.4th 1102, 1107 (11th Cir. 2022); see also Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1289 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.").

No exception to the mootness doctrine applies here.  A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release.  But Pendas's habeas petition challenged only his detention, not the validity of his removal order or anything else. He has not argued any continuing injury from his prior detention that this Court can now remedy.  See Djadju, 32 F.4th at 1107 ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review."  Al Najjar, 273 F.3d at 1339. But this applies only in "exceptional situations" where there is

a "demonstrated probability" that the same controversy will happen again to the same person.  Id.  That is not the case here.  If Pendas is again detained without a likelihood of removal in the reasonably foreseeable future, he may file another petition.  See, e.g., Mehmood v. United States Att'y Gen., 808 F. App'x 911, 913 (11th Cir. 2020).

Accordingly, it is hereby **ORDERED**:

1.  Rodriguez Pendas's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as moot.**

2.  The Clerk is **DIRECTED** to terminate all deadlines, deny any pending motions, and close this case.

3.  Respondents are excused from the Court's June 17, 2026 order requiring supplemental briefing.

**DONE AND ORDERED** in Fort Myers, Florida on June 18, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3